State of Missouri, Respondent, v. A. G. Armstrong, Appellant.

**St. Louis Court of Appeals, March 7, 1889.**

Constitutional Question: JURISDICTION. When a record lodged in this court presents a question involving the construction of either the federal or the state constitution, this court has no appellate jurisdiction of the cause, except for the purpose of transfer to the supreme court.

*Appeal from the St. Louis Court of Criminal Correction.*—Hon. Edward A. Noonan, Judge.

*Transferred to the Supreme Court.*

Rombauer, P. J., delivered the opinion of the court.

This is an action of criminal libel. The defendant appealing moves for a transfer of the cause to the supreme court, on the ground that the case involves the construction of the constitution of the United States, and of this state, and hence the supreme court has exclusive jurisdiction of an appeal therein.

It is claimed by appellant that the instructions of the court involve the construction of article 2, section 14, of the constitution of this state, and his motion in arrest of judgment, the constitutionality of section 19 of the special act establishing the St. Louis court of criminal correction, both under the constitution of the United States and this state.

Under the recent decision of the supreme court in *State ex rel. Houck v. St. Louis Court of Appeals,* decided February 22, 1889, we hold ourselves precluded

Vol. xxxv—4

from examining into the merits of such claims in any way, provided the record lodged in this court presents a question involving the construction of either constitution, and the question thus presented is not a mere sham. As the record unquestionably does present these questions, this court has no appellate jurisdiction of the case, except for the purpose of transfer.

Ordered that the clerk at once send the transcript in this case, with a certified copy of this order to the supreme court, as provided by the act approved March 18, 1885. All concur.